STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED
February 3, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**WANNIE R. LUSK,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0289**  (BOR Appeal No. 2048985)
            (Claim No. 2008047774)

**ALPHA NATURAL RESOURCES, INC.,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Wannie R. Lusk, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. Alpha Natural Resources, Inc., by Robert Busse, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 27, 2014, in which the Board affirmed an October 29, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 21, 2013, decision denying authorization for epidural steroid injections, lumbar facet injections, and payment for continued office visits with Francis Saldanha, M.D. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Lusk injured himself on June 10, 2008, when he slipped and fell while walking in mud, and the claim was initially held compensable for a lumbar sprain/strain. On November 20, 2009, the claim was held compensable for a lumbosacral sprain/strain, generalized anxiety disorder, and recurrent major depressive disorder. Additionally, lumbar radiculitis was added as a compensable component of the claim on January 11, 2011, while the compensability of lumbar facet syndrome was specifically denied. On February 24, 2012, Robert McCleary, D.O., Mr.

1

Lusk's treating physician, noted that Mr. Lusk had benefited from epidural and lumbar facet injections in the past, and further noted that he is not currently exhibiting symptoms of radiculopathy. Dr. McCleary subsequently transferred Mr. Lusk's pain management care to Dr. Saldanha, who performed the prior pain management injections.

On March 21, 2013, Dr. Saldanha noted that Mr. Lusk reported an eighty percent reduction in pain following a treatment plan inclusive of occasional epidural and facet joint injections, and requested authorization for two additional lumbar epidural injections and two sessions of lumbar facet joint injections. On April 25, 2013, Rebecca Thaxton, M.D., reviewed the claim and recommended denying authorization for the requested injections and also recommended denying authorization for continued office visits with Dr. Saldanha. She noted that Mr. Lusk's medical record indicates that he suffers from degenerative joint disease and pre-existing foraminal stenosis, and opined that the requested injections and continuing office visits are aimed at treating the progression of degenerative spinal diseases. Further, she noted that the claims administrator has not currently authorized payment for any medications in the instant claim. Dr. Saldanha addressed Dr. Thaxton's recommendations in a letter on May 16, 2013, in which he opined that the treatment he is providing is aimed solely at treating chronic low back and leg pain arising from the work-related injury.

On June 18, 2013, the StreetSelect Grievance Board found that Mr. Lusk has a history of pre-existing degenerative changes in the lumbar spine and recommended denying payment for the requested injections and continuing office visits with Dr. Saldanha. On June 21, 2013, the claims administrator denied the request for authorization of epidural steroid injections, lumbar facet injections, and payment for continued office visits with Dr. Saldanha. The Office of Judges affirmed the June 21, 2013, claims administrator's decision denying authorization for the requested injections and office visits.

At the outset, the Office of Judges found that Mr. Lusk suffers from pre-existing degenerative lumbar spine conditions. The Office of Judges then found that the compensable diagnosis of radiculitis appears to have resolved based upon the treatment notes contained in the evidentiary record. The Office of Judges further found that given the amount of time that has elapsed following the June 10, 2008, injury, it is unlikely that the compensable sprains/strains continue to require treatment. Additionally, the Office of Judges relied on Dr. Thaxton's determination that the requested injections and office visits are aimed at treating degenerative spinal disease rather than the compensable diagnoses. Finally, the Office of Judges concluded that the evidence of record demonstrates that the requested injections and office visits will most likely be utilized to treat conditions other than the compensable components of the claim. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated February 27, 2014. We agree with the conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   February 3, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum

Justice Brent D. Benjamin, Disqualified